IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PATRICIA A. YARBROUGH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 5:14-CV-9-MTT |
| vs. | ) |
| | ) REMOVED FROM BIBB COUNTY |
| PNC BANK NATIONAL | ) SUPERIOR COURT CASE NO. |
| ASSOCIATION, INC. | ) 13CV60340 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Middle District of Georgia, Macon Division.

TO: Plaintiff

The Defendant respectfully shows herein the following:

1. A civil action has been brought against the Defendant in the Superior Court of Bibb County, State of Georgia, by the above named Plaintiff, said action being designated as Civil Action No. 13CV60340 (the "State Court Action").

2. A copy of all process, pleadings and orders in Defendant's possession in the State Court Action is attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a), as Exhibit "1" hereto. Defendant contests that any valid process has issued or that any service of process has been achieved.

## BASIS FOR REMOVAL

3. Plaintiff is a resident of Bibb County, Georgia. Complaint, ¶ 1.

4. Defendant PNC Bank, National Association ("PNC Bank") is a foreign corporation incorporated under the laws of Delaware, with its principal place of business located at 249 Fifth Avenue, Pittsburgh, PA 15222-2707. Complaint, ¶ 2; see also Georgia Secretary of State's records, attached hereto as Exhibit "2" and incorporated herein by this reference.

5. Complete diversity of citizenship exists between Plaintiff and Defendant.

6. This case is removable under 28 U.S.C. § 1332, which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

7. The Note and Security Deed in question (together, the "Loan") are in the original principal amount of $87,800. See Note and Security Deed attached hereto as composite Exhibit "3" and incorporated herein by this reference. Part of the relief prayed for by Plaintiff in the Complaint is to set aside the foreclosure of the subject property of the Complaint (the "Subject Property") exposed at auction

and sold to the highest bidder in the amount of $75,686.91, which was subject to the $87,800.00 Security Deed at the time of sale. Complaint, ¶ 19 and Exhibit "B" thereto, prayer for relief. As the current amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the amount in controversy requirement is satisfied. See *Roper v. Saxon Mort. Svcs.*, 2009 WL 1259193 (N.D. Ga. May 5, 2009).

8.  In the Eleventh Circuit, "...courts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunctions...". *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).[1] "Underlying these cases is the principle that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Id.* at 547-48 (emphasis added). Therefore, in cases in which the plaintiff seeks to enjoin (and by extension, set aside) a foreclosure of his or her property, the court determines the amount in controversy by looking to the value of the property at issue.[2] See copy of Foreclosure Deed and foreclosure sales results, attached collectively hereto as Exhibit

---

[1] See *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (accepting as binding precedent all Fifth Circuit cases decided before October 1, 1981).

[2] Additionally, it is well recognized that the court can go outside the four corners of the complaint and review other documents provided at the time of removal to ascertain the jurisdictional amount in controversy. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("if the jurisdictional amount is either stated clearly on the face of the documents before the court, or [is] readily deducible from them, then the court has jurisdiction"); *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001) (in addition to the notice of removal, the court can look at any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed").

"4". *See Frontera Trans. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921) (holding that value of property established amount in controversy in action to prevent defendant "from using his mortgage and these notes for any purpose, and to clear up the title to [plaintiffs] property"); *Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 435069, at *3 (M.D. Ala. Feb. 18, 2009) (denying plaintiffs' motion to remand state court action to enjoin a foreclosure where the note and mortgage "establish[ed] unambiguously that the value of the house [was] at least $120,500"); *Siewak v. AmSouth Bank*, 2006 WL 3391222, at *3-5 (M.D. Fla. Nov. 22, 2006) (holding that the proper measure of amount in controversy where plaintiffs sought to avoid enforcement of judgment lien against plaintiffs' property was the property's market value); *Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301, at *3 (N.D. Miss. Aug. 26, 2008) (holding that the value of the property satisfied the amount in controversy where plaintiff sought to set aside foreclosure as a cloud on her title and the appraisal performed in conjunction with the underlying mortgage valued the property at $83,000); *cf. FHLMC v. Williams*, 2008 WL 115096 (N.D. Ga. Jan. 9, 2008) (holding that property value is not the proper measure of amount in controversy in an eviction proceeding, because only "the limited right to possession" is at issue in such cases).

9. The instant Notice of Removal is being filed timely, within the 30-day period from the date this action was sent to Defendant. More significantly,

Defendant disputes that valid service has occurred herein. 28 U.S.C. § 1446.

10. Venue properly lies in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of Bibb County, Georgia, which is situated within the Middle District of Georgia, Macon Division.

11. To the extent Plaintiffs have alleged claims arising under Georgia state law, this Court has supplemental jurisdiction over such claims, and Defendants consent to this Court's exercise of supplemental jurisdiction over such state law claims. See 28 U.S.C. § 1367.

WHEREFORE, the above-named Defendant files this its Notice of Removal of said cause to this Court.

                        MCCURDY AND CANDLER, L.L.C.

                        By: /s/ John D. Andrle
                             Frank R. Olson
                             Georgia Bar No. 553077
                             John D. Andrle
                             Georgia Bar. No. 488330
                             Attorneys for Defendant PNC Bank
                             National Association, Inc.

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 373-1612
(404) 373-2471 (fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day caused to be sent by U.S. Mail, with adequate postage affixed to the envelope containing same, a copy of the within and foregoing pleading to the following recipients:

>J. Steven Bloodworth
>Bush, Crowley & Leverett, LLP
>561 D.T. Walton, Sr. Way
>Post Office Box 232
>Macon, Georgia 31202-0232

This 8th day of January, 2014.

>MCCURDY AND CANDLER, L.L.C.

>By: /s/ John D. Andrle
>Frank R. Olson
>Georgia Bar No. 553077
>John D. Andrle
>Georgia Bar. No. 488330
>Attorneys for Defendant PNC Bank
>National Association, Inc.

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 373-1612
(404) 373-2471 (fax)